**LEECH TISHMAN ROBINSON BROG PLLC**
*875 Third Avenue*
*New York, New York 10022*
Fred B. Ringel
Steven Eichel
Clement Yee
*Attorneys for the Debtor Affiliates*
*Proposed Attorneys for the Argo Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

In re:

**STARLIN LLC et al.,[1]**

          **Debtors.**
--------------------------------------------------------X

In re:

**ARGO 45, LLC,**

          **Debtor.**
--------------------------------------------------------X

Chapter 11

Case No. 22-10888 (MG)

(Jointly Administered)

Chapter 11

Case No. 22-

(Joint Administration Requested)

APPLICATION PURSUANT TO
SECTION 105 OF THE BANKRUPTCY CODE AND
RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY
<u>PROCEDURE FOR ORDER DIRECTING JOINT ADMINISTRATION</u>

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  Starlin LLC (6765); 610 West 46th Street Enterprises, Ltd. (1937); RM Holdings Company Inc. (2733); BRC Owners, L.P. (5295); RG Mezz LLC (2437); RG Mezz III LLC (2895); RG Mezz V LLC (9871); and RG Mezz VI LLC (8222); 175 Spring Street, LLC (4249); 610 West 46th Street LLC (3898); 616-620 West 46th Street LLC (3706); 616 11th Avenue LLC (5258); 609 11th Avenue LLC (5047); 613 11th Avenue LLC (6820); 617 11th Avenue LLC (9177); 623 11th Avenue LLC (5464); 108 Merrick Boulevard LLC (3250); and 533 West 27 Street Common Member LLC (4518).

Argo 45, LLC ("Argo Debtor"), by its proposed attorneys, Leech Tishman Robinson Brog PLLC, seeks the entry of an order directing the joint administration of its estate for procedural purposes only pursuant to section 105(a) of title 11 of the United States Code ("Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      This motion has been referred to this Court for consideration under Section 157 of the Judicial Code and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3.      The statutory predicates for this relief are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

## BACKGROUND

4.      On September 20, 2022 ("Petition Date"), Argo Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, "Chapter 11 Cases").

5.      The Argo Debtor is the owner of the real property located at 605 West 45th Street, New York, New York.

6.      The Argo Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or committee has been requested or appointed in this

2

case.

7.      A detailed description of the circumstances regarding the necessity of Argo's filing is set forth  in (i) the Debtor Affiliates' (as defined herein) Declaration. Pursuant to Local Rule 1007-2 and (ii) the Debtor Affiliates' Motion to Approve Settlement Agreement ("9019 Motion") both of which are filed in the chapter 11 cases of  *In re Starlin LLC et al.*, Case No. 22-10888 (MG) as ECF Doc. Nos. 21 and 23, respectively.

## RELIEF REQUESTED

8.      By this Motion, the Argo Debtor seeks the joint administration and consolidation of its Chapter 11 Case for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b) with the already filed and jointly administered cases of Starlin LLC and its affiliates (together, "Debtor Affiliates"), which is filed as *In re Starlin LLC et al.*, Case No. 22-10888 (MG) (jointly administered).

9.      As explained below, the Argo Debtor believes that, based on its affiliated status, the joint administration of these cases – including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors – will help expedite the Chapter 11 Cases and render their administration more efficient and economical.

10.     The Argo Debtor seeks the entry of an order directing the joint administration for procedural purposes only under section 105 of the Bankruptcy Code and Bankruptcy Rule 1015.  A proposed order is annexed hereto.

11.     Bankruptcy Rule 1015 provides that:

(b)  Cases Involving Two or More Related Debtors.  If . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. . . .

Fed. R. Bankr. P. 1015(b).

12.     Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §105(a).

13.     The Argo Debtor and Debtor Affiliates are "affiliates" through a common ownership structure.  Accordingly, this Court may grant the requested relief.  The Argo Debtor believes that joint administration of its Chapter 11 case together with the Affiliated Debtors' already filed cases would be practical, expedient, economical and less time-consuming for the all the debtors, their management and professionals, the court, the Clerk's office and all parties in interest.  Joint administration will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders in each of the debtor cases, thereby saving the Argo Debtor and Debtor Affiliates' estates considerable expense and conserving their resources.

4

14.     The Argo Debtor believes that the majority of the applications, hearings and orders to be made, held and entered in these cases will affect Argo Debtor and the Debtor Affiliates.  Accordingly, the Argo Debtor believes that the burdens on the Clerk and the Court would be substantially increased if separate dockets were maintained for the Argo Debtor's case on top of the separate docket for the Debtor Affiliates.  Without an order directing joint administration, originals of virtually every pleading, motion, application, notice and order would have to be duplicated and filed and served in each of the affiliated cases.

15.     Accordingly, joint administration and procedural consolidation will facilitate the efficient and economical administration of these cases, promote the interests and convenience of the parties and reduce costs and expedite administration.  Further, supervision of the administrative aspects of these cases by the United States Trustee will be simplified.

16.     The Argo Debtor believes that no party in interest will be prejudiced by the relief requested in this motion. The rights of creditors will not be adversely affected because the relief requested is purely procedural and is not intended to affect the substantive rights of any party. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases.  The Court will also be relieved of the burden of  entering duplicative orders and maintaining redundant files.

17.     Each creditor will still have to file a claim against the particular debtor or estate, or debtors or estates, allegedly responsible for such debt.

5

18.     Accordingly, the Argo Debtor ask the Court to modify the caption of
their cases to reflect the joint administration of these chapter 11 cases as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

In re:                                              Chapter 11

**STARLIN LLC, _et al._,**[1]                        Case No. 22-10888 (MG)

                           Debtors.      (Jointly Administered)
--------------------------------------------------------X

1. The Debtors in these chapter 11 cases and the last four digits of each Debtor's
taxpayer identification number are as follows:  Starlin LLC (6765); 610 West 46th
Street Enterprises, Ltd. (1937); RM Holdings Company Inc. (2733); BRC Owners,
L.P. (5295); RG Mezz LLC (2437); RG Mezz III LLC (2895); RG Mezz V LLC (9871);
and RG Mezz VI LLC (8222); 175 Spring Street, LLC (4249); 610 West 46th Street
LLC (3898); 616-620 West 46th Street LLC (3706); 616 11th Avenue LLC (5258); 609
11th Avenue LLC (5047); 613 11th Avenue LLC (6820); 617 11th Avenue LLC (9177);
623 11th Avenue LLC (5464); 108 Merrick Boulevard LLC (3250);  533 West 27
Street Common Member LLC (4518); and Argo 45, LLC (1499).

19.     The Argo Debtor requests that the docket of the Argo Debtor and
Debtor Affiliates' jointly administered cases be maintained under the case number
assigned to the Debtor Affiliates, Starlin LLC, LLC, Case No. 22-10888 (MG).  The
Argo Debtor also seek the Court's direction that a notation substantially similar to
the following notation be entered on the docket sheet in the Argo Debtor's chapter
11 case:

        An order has been entered in this case, directing the joint
        administration of this case with the case of Starlin LLC, Case No. 22-
        10888 (MG).

20.     Finally, the Argo Debtor seeks authority to file the monthly

6

operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis as long as separate allocations of disbursements will be made for each debtor.  Consolidated monthly operating reports will further administrative economy and efficiency without prejudice to any party in interest.

## NOTICE

21.    Notice of this motion has been given to the Office of the United States Trustee for the Southern District of New York.  The Argo Debtor believe that such notice is sufficient under the circumstances and that no further notice need be given to any party.

## CONCLUSION

22.    For the reasons stated above, the Argo Debtor request that these bankruptcy cases be jointly administered.

7

23.    No prior request for this relief has been made to this or any other court.

WHEREFORE, the Argo Debtor seek the entry of an order: (i) directing the joint administration of their estates pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b); and (ii) granting to the Argo Debtor such other and further relief as is just and appropriate.

Dated:  New York, New York
      September 20, 2022

**LEECH TISHMAN**
**ROBINSON BROG PLLC**

By:/s/ Fred B. Ringel
Fred B. Ringel
875 Third Avenue
New York, New York 10022
(212) 603-6300
Attorneys for the Debtor Affiliates
Proposed Attorneys for the Argo Debtor

8